## Rafferty v. Bank of Hardinsburg & Trust Company, Trustee, et al.

(Decided June 5, 1917.)

### Appeal from Breckinridge Circuit Court.

1. Limitation of Actions—Surety—Judgment.—Section 2548 of the Kentucky Statutes, providing that "a surety shall be discharged from all liability under any judgment or decree, after the lapse of seven years without any execution issued thereon, and prosecuted in good faith for the collection thereof," applies to a judgment rendered against a surety's administratrix to be levied on assets in her hands.

2. Limitation of Actions—Surety—Judgment—Payment on Judgment.—In an action to subject unadministered assets to a judgment against a surety's estate, it is unnecessary to determine whether certain payments on the judgment were made by the surety's administratrix in her individual or representative capacity, or what would be the effect if the last payment had been made within seven years from the time execution issued on the judgment, since there can be no doubt that the surety's estate is discharged from all liability under the judgment, where execution did not issue thereon until more than nine years after its rendition and for more than seven years after the last payment made thereon.

3. Limitation of Actions—Surety—Judgment Against Surety's Estate—Suit to Subject Unadministered Assets in the Hands of Heir—Payment by Heir on Judgment—Effect.—In a suit to subject unadministered assets in the hands of an heir to the payment of a judgment against a surety's estate, voluntary payments on the judgment made by the heir, in ignorance of her rights and in the mistaken belief that she was liable for the decedent's debts, will not extend the seven-year period of limitation within which execution must be issued on the judgment.

BURNETT, BATSON & CARY and JOHN P. HASWELL, JR., for appellant.

CLAUDE MERCER for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

In the year 1890, B. F. Rafferty, as principal, and James T. Miller, as surety, executed to A. B. Skillman and W. G. Smart, trustees, under the will of Fred Walters, a note for $1,600.00, payable November 18, 1890. On July 25, 1891, James T. Miller died, and his wife, Mary Jane Miller, qualified as his administratrix. Prior to that time she had qualified as administratrix of her brother, Samuel Hovius, who, up to his death, had been a partner of James T. Miller in the livery and live stock business, and in the purchase, sale, and exchange of real estate. On March 3, 1896, Mary J. Miller, as administratrix of her husband, filed a settlement with the county court, which showed that she had in her hands as administratrix the sum of $855.17. On March 4, 1897, she made a settlement of the partnership business of the firm of Miller & Hovius, from which it appears that she had "over-administered" the estate in the sum of $2,874.17. This settlement was subsequently confirmed. The claim in favor of Walters' trustees was never proven or presented to the administratrix for payment. In the year 1906, A. B. Skillman and W. G. Smart as trustees under the will of Fred Walters, brought suit against Mary J. Miller, as administratrix of James T. Miller, deceased, and obtained a default judgment for the amount of the $1,600.00 note, subject to certain credits. Mary J. Miller died in the year 1908, leaving a will by which she devised her property to her daughter, Enola Rafferty.

It appears that in the year 1875 Mary J. Miller acquired five shares of stock in The Breckinridge Bank. On January 3, 1876, ten shares of stock in that bank were issued to James T. Miller. After the death of James T. Miller the dividends on the stock standing in his name were regularly paid to Mary J. Miller until her death in 1908. Thereafter they were paid to her daughter, Enola Rafferty.

In the year 1912, Skillman and Smart resigned as trustees under the will of Fred Walters and The Bank of Hardinsburg & Trust Company was appointed trustee in their stead. About the same time The Bank of Hardinsburg & Trust Company was appointed administrator *de bonis non* of the estate of James T. Miller, deceased.

On March 30, 1915, an execution was issued on the default judgment on the Rafferty note against Mary J. Miller as administratrix of James T. Miller. On March 30, 1915, the execution was returned "no property found."

On April 1, 1915, The Bank of Hardinsburg & Trust Company, as trustee of the estate of Fred Walters, deceased, and as administrator *de bonis non* of the estate of James T. Miller, deceased, brought this suit on the aforesaid judgment and return of "no property found" against Enola Rafferty and The Breckinridge Bank to subject the ten shares of stock standing in the name of James T. Miller to the payment of the judgment debt, on the ground that the stock constituted unadministered assets of the estate of James T. Miller. It was charged in the petition that James T. Miller owned the stock in question, but that the legal title thereto was in Enola Rafferty, as the sole heir of James T. Miller and Mary J. Miller, deceased. The stock was attached in the hands of The Breckinridge Bank and process on the petition was issued to Jefferson county and there served on Enola Rafferty. Besides filing a special demurrer to the jurisdiction of the court and denying that James T. Miller owned the stock in question, Mrs. Rafferty pleaded in substance that the estate of her father, James T. Miller, was insolvent at the time of his death, and that her mother paid out of her personal funds several thousand dollars on his debts, including the debt sued on, and that her father's estate was indebted to her mother in a large sum. In another paragraph she pleaded that the stock in question was purchased with the individual property of her mother and belonged to her. She also interposed a plea of the fifteen year and seven year statute of limitation. On final hearing the attachment was sustained and the stock in question subjected to the judgment debt. Mrs. Rafferty appeals.

In view of the conclusion of the court, we deem it unnecessary to pass on the question of jurisdiction, or any defense other than the plea of limitation. The suit is based entirely on the judgment rendered on February 21, 1906, in favor of Walters' trustees against Mary J. Miller as administratrix of James T. Miller, deceased, and on the execution issued on March 30, 1915, and returned "no property found" on the same day. Section 2548 of the Kentucky Statutes is as follows: "A surety shall be discharged from all liability under any judgment or decree, after the lapse of seven years without any execution issued thereon, and prosecuted in good faith for the collection thereof." James T. Miller was surety on the note in question and it is immaterial, we think, whether the judgment on the note was rendered against

him in his lifetime or against his administratrix to be levied on assets in her hands. In either case the statute. applies.

In this connection we deem it unnecessary to determine whether the payments on the judgment were made by Mary J. Miller in her individual capacity or as administratrix, or what would be the effect if the last payment had been made within seven years from the time execution issued on the judgment. As a matter of fact, execution did not issue on the judgment until more than nine years after its rendition and for more than seven years after the last payment made thereon by Mary J. Miller. Under these circumstances, there can be no doubt that, under the statute in question, James T. Miller's estate is discharged from all liability under the judgment. Nor did the voluntary payments made by Mrs. Rafferty on the judgment in the years 1909 and 1910 extend the time for issuing execution, since it is clear that these payments were made in ignorance of her rights and in the mistaken belief that she was liable for her father's debts. Since the judgment was discharged by the failure to issue an execution thereon for more than seven years after its rendition, it follows that the chancellor should have sustained the plea of limitation.

Judgment reversed and cause remanded with directions to dismiss the petition.